## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICK BREMMER,** | |
| **Plaintiff,** | **8:15CV329** |
| **vs.** | |
| **APPLETON ELECTRIC, LLC,** | **ORDER** |
| **Defendant.** | |

This matter is before the court on Appleton Electric, LLC's (Appleton) Application for the Award of Costs and Fees (Filing No. 33).[1]  Appleton seeks a determination of the amount of an award previously granted for work completed in a case filed by the plaintiff prior to this action.  Appleton filed an index of evidence (Filing No. 33) in support of the application.   In response, Rick Bremmer (Bremmer) filed a brief (Filing No. 40). Appleton filed a brief (Filing No. 44) in reply.

## BACKGROUND

This action arises from an injury Bremmer sustained on May 25, 2011, when he delivered an order on behalf of Waste Connections, Inc. (WCI) to Appleton on Appleton's premises.  **See** Filing No. 1-1 Complaint p. 2.  Bremmer fell into an open pit after walking across a darkly lit warehouse.  *Id.*  Bremmer alleges he suffered numerous injuries to his shoulders and neck, needing multiple surgeries.  *Id.*  Additionally, Bremmer alleges he suffers lost wages, pain and suffering, and mental distress.  *Id.* Seeking redress from Appleton for these damages, Bremmer filed this action on February 12, 2015, in the District Court of Platte County, Nebraska.  *Id.* at 1.  Appleton timely removed the case to this court on September 4, 2015.  **See** Filing No. 1 - Notice of Removal.  Shortly after removal, Appleton filed a motion to dismiss seeking dismissal of Bremmer's case based on the relationship between this case and an earlier lawsuit. **See** Filing No. 6.

---

[1]  Noting the case is related to an earlier action, Case No. 8:12CV436, on October 7, 2015, Chief Judge Laurie Smith Camp reassigned this case to the undersigned magistrate judge.  **See** Filing No. 13.  On October 28, 2015, the parties filed their consent to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  **See** Filing No. 18.

The incident surrounding Bremmer's injuries was previously litigated in ***Waste Connections, Inc. v. Appleton Electric, LLC***, 8:12CV436 (the 2012 Lawsuit). Bremmer and WCI filed the 2012 Lawsuit against Appleton and Emerson Electric, LLC on September 18, 2012, in the District Court of Platte County, Nebraska. **See** Filing No. 1-1, in Case 8:12CV436. Those defendants removed the matter to this court on December 20, 2012. **See** Filing No. 1, in Case 8:12CV436. In the complaint, WCI alleged it had paid and will continue to pay workers' compensation benefits to Bremmer. **See** Filing No. 1-1 ¶ 22, in Case 8:12CV436. Both plaintiffs alleged the defendants' negligence caused Bremmer's injuries. ***Id.*** ¶¶ 18-21. The defendants denied the plaintiffs' allegations and asserted the affirmative defenses of comparative negligence, contributory negligence, and assumption of the risk. **See** Filing No. 1-1 p. 8 - Answer ¶¶ 3-4, in Case 8:12CV436. The parties engaged in discovery and prepared the case for trial. On November 26, 2013, Bremmer filed a motion to dismiss his claims against the defendants, without prejudice, stating, he "no longer wishes to pursue his claim for loss of earning capacity and future medical in conjunction with the employer." **See** Filing No. 68, in Case 8:12CV436. The defendants "[did] not oppose the dismissal of Bremmer's claims, [however they argued] . . . voluntary dismissal, while without prejudice, should include an award of costs . . . as a condition precedent to his refilling [sic] of the claims." **See** Filing No. 70 - Response p. 1, in Case 8:12CV436. On December 20, 2013, the court granted Bremmer's motion, holding:

> Bremmer's claims against the defendants are dismissed without prejudice, subject to the condition Bremmer must pay the attorneys' fees and costs reasonably incurred by the defendants in defending Bremmer's initial claims before Bremmer refiles against either or both of the defendants.

**See** Filing No. 73, in Case 8:12CV436.

On March 11, 2014, Bremmer moved to intervene, without payment of fees and costs, and extend the progression deadlines, erroneously arguing he had previously been unrepresented by counsel. **See** Filing No. 82, in Case 8:12CV436. On April 21, 2014, the court denied Bremmer's motion. **See** Filing No. 129, in Case 8:12CV436. Prior to trial, the court dismissed WCI's claims against Emerson Electric, LLC. **See** Filing No. 187, in Case 8:12CV436. Bremmer testified during the trial held on May 12, 2014. The court instructed the jury to limit damages to those recoverable by WCI,

2

which included Bremmer's medical care and diminished ability to work.  **See** Filing No. 212 - Final Jury Instructions, in Case 8:12CV436.  The jury did not consider mental distress or pain and suffering.  The jury found in favor of WCI, by determining Bremmer had been 49% negligent and Appleton had been 51% negligent in causing WCI's damages.  **See** Filing No. 226, in Case 8:12CV436.  Although Appleton initially appealed, the parties stipulated to the appeal's dismissal and Appleton satisfied the judgment.  **See** Filing Nos. 253, 256, in Case 8:12CV436.

Ultimately the court denied Appleton's motion to dismiss; however, the court allowed the defendant an opportunity to apply for the attorneys' fees and costs reasonably incurred by Appleton prior to December 20, 2013, in defending the 2012 Lawsuit.  **See** Filing Nos. 19 and 31.  Appleton seeks an award of $10,936.34.  **See** Filing No. 33 - Application p. 2.  In addition to facts listed above, Appleton alleges the following additional facts:

> 2.      On January 4, 2013, Christopher A. Sievers (Sievers) entered his appearance as counsel for Bremmer and WCI.
> 3.      On September 6, 2013, Defendants noticed a deposition of Bremmer.  The date and location of the noticed deposition was agreed to by Plaintiffs' counsel of record, Mr. Sievers.
> 4.      On October 25, 2013, Bremmer refused to appear for his properly noticed deposition.
> 5.      On November 11, 2013, Defendants noticed another deposition for Bremmer.
> 6.      Bremmer refused to appear for his second properly noticed deposition on November 19, 2013.

*Id.* (internal citations to the record omitted).

Appleton also alleges counsel conferred but were unable to agree on a reasonable amount for the award.  *Id.* ¶¶ 16-17.  The proposed award of $10,936.34, according to Appleton, comprises the amount incurred as a result of Bremmer's failure to appear for two properly noticed depositions and motion for voluntary dismissal.  *Id.* at 4-5.  Appleton contends it has limited the amount sought to those events with the clearest of direct costs.  *Id.* at 5.  Appleton argues preparation for a duly noticed deposition was reasonable, despite being told Bremmer would not appear, and the complexity of the case supports the amount of time spent.  **See** Filing No. 44 - Reply p. 2-3.  Appleton asserts Bremmer's counsel's personal practices fail to support a

reduction in the award sought.  *Id.* at 2.  Appleton suggests the amount of time spent on tasks is a matter left to its attorneys own discretion.  *Id.* at 3.

Bremmer denies the proposed award amount is reasonable.  **See** Filing No. 40 - Response p. 1.  Bremmer suggest an award of $4,718.64.  *Id.*  Bremmer argues the deposition preparation time should be eliminated because Appleton's attorneys knew Bremmer would not appear for his deposition and would not participate as a party witness, even though he was deposed later as a non-party witness.  *Id.* at 2.  Bremmer concedes Appleton is reasonably entitled to an amount for moving to compel the deposition.  *Id.*  Bremmer also argues certain billing entries are unreasonable and unrealistic.  *Id.* at 2-3.  Specifically, Bremmer notes Appleton's attorney Mueller prepared for a deposition ten days early and on the same date Bremmer's attorney warned Bremmer would not appear.  *Id.*  Additionally, after the preparation time and with the knowledge the deposition would be canceled, a different individual billed time for preparing a deposition outline, which is prepared again three weeks later.  *Id.* at 3.  Finally, Bremmer suggests additional charges are duplicative and some are beyond the dates allowed by the court.  *Id.*

## ANALYSIS

Largely, parties to a lawsuit must bear their own costs.  In this case, the court determined an award of costs and fees was appropriate based on Bremmer's conduct.  The parties are unable to agree upon a reasonable amount for the award.  "[T]here is no one methodology for calculating an award of fees."  ***Marez v. Saint-Gobain Containers, Inc.***, 688 F.3d 958, 966 (8th Cir. 2012).  Still, the applicant for an award of attorney's fees has the burden of showing both the claimed rate and the number of hours are reasonable.  **See *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air***, 478 U.S. 546, 564-66 (1986); **see also *Hensley v. Eckerhart***, 461 U.S. 424, 437 (1983).

> "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," although a district court has discretion to adjust the fee to account for other considerations, such as the nature of the results obtained.

*Miller v. Dugan*, 764 F.3d 826, 830-31 (8th Cir. 2014) (**quoting** *Hensley*, 461 U.S. at 433-34).

At least twelve factors comprise the "other considerations," which may be appropriately evaluated by the court. *Marez*, 688 F.3d at 966 & n.4; **see** *Hensley*, 461 U.S. at 430 n.3 (**adopted by** *Winter v. Cerro Gordo Cty. Conservation Bd.*, 925 F.2d 1069, 1074 (8th Cir. 1991)). While all twelve factors are not relevant here, the court will address the significant factors below.

Bremmer does not dispute the hourly rates listed by Appleton for the attorneys and paralegal are reasonable. The court finds the hourly rates charged by the lawyers ($296.00/$168.00) and by the experienced paralegal ($175.00) are consistent with prevailing market rates in the Omaha community for similar services and are reasonable.

The court must exclude time not "reasonably expended," such as "hours that are excessive, redundant, or otherwise unnecessary," considering, among other things, whether the case is overstaffed. *Hensley*, 461 U.S. at 434; **see** *El–Tabech v. Clarke*, 616 F.3d 834, 842 (8th Cir. 2010). Consideration of whether the time was reasonably expended includes assessing: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; . . . and (9) the experience, reputation, and ability of the attorneys . . . ." *Hensley*, 461 U.S. at 430 n.3. Generally, "the assignment of multiple attorneys to a single set of tasks should be regarded with 'healthy skepticism;'" however, such careful preparation and collaboration may be necessary in response to complex legal issues. *Castaneda-Castillo v. Holder*, 723 F.3d 48, 80 (1st Cir. 2013) (**quoting** *Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848, 860 (1st Cir. 1998)). "Fee awards are not intended 'to serve as full employment or continuing education programs for lawyers and paralegals.'" *Castaneda-Castillo*, 723 F.3d at 80 (**quoting** *Lipsett v. Blanco*, 975 F.2d 934, 938 (1st Cir. 1992)).

This case is similar to those cases where the applicant achieved only partial success as the award is based upon only a portion of the underlying case. "There is 'no precise rule or formula' for making fee determinations in cases with only partial success." *Warnock v. Archer*, 397 F.3d 1024, 1026 (8th Cir. 2005) (**quoting** *Hensley*,

461 U.S. at 436-37).   Absent the ability to separate out which hours were billed for which issues, a court "may simply reduce the award to account for the [movant's] limited success."  **Warnock**, 397 F.3d at 1026 (**quoting Hensley**, 461 U.S. at 436-37).

Appleton suggests the amount of time spent on tasks is a matter left to its attorneys own discretion, particularly where it has reduced the application amount to "the most direct charges."  **See** Filing No. 44 - Reply at 3.  Appleton fails to sustain its burden of showing the number of hours were reasonably expended in defending Bremmer's initial claim.   Appleton seeks reimbursement for all expenses associated with Bremmer's scheduled depositions while he was a party, even though Bremmer was later deposed as a non-party.   The court finds the distinction nonsensical except as it might relate to time spent on defending the lawsuit of the claims asserted by Bremmer, separate from those claims or proceedings inevitable by virtue of WCI's claims.  Additionally, Appleton's application exhibits duplication and inefficiency in activities associated with the scheduled depositions.   Appleton fails to adequately explain the necessity for the number of people and their activities based on the nature of the case and other relevant factors.   Accordingly, a downward adjustment in the number of hours claimed by Appleton's counsel in preparation for the deposition is warranted.   Rather than strike certain charges, the court will reduce the total amount sought related to Bremmer's deposition by 50%.   This includes the entries from October 15, 2013, through November 19, 2013, except the four entries mentioning possible dismissal ($408.80), and reduces the amount for those entries from $7,374.50 to $3,687.25.

Bremmer seeks elimination of the entry for drafting a brief and a motion to dismiss Bremmer's claims with prejudice.   These documents were not filed in the court file and Appleton achieved no measure of success with the effort.   Therefore the court will reduce the award by $436.80.

Finally Appleton seeks reimbursement for efforts associated with Bremmer's motion for voluntary dismissal.   Generally, this is exactly what the court envisioned when imposing the limitation on Bremmer.    The court notes Appleton seeks compensation for more than seven hours of work between two attorneys in the amount of $1,648.80.   While the time and amount are not per se troublesome, the response brief filed by Appleton concedes Bremmer should be allowed to voluntarily dismiss his

case, with the condition of paying reasonable fees, but contains only two pages of textual content. **See** Filing No. 70 - Response in Case 8:12CV436. A downward adjustment in the award claimed by Appleton's counsel in preparation of the response is warranted. The court finds $750.00 represents compensation for the time reasonably expended on the response. The remaining unmentioned entries were not reduced. Upon consideration,

**IT IS ORDERED**:

Appleton Electric, LLC's Application for the Award of Costs and Fees (Filing No. 33) is granted in part to award Appleton Electric, LLC attorneys' fees in the amount of $5,913.49 and costs in the amount of $105.44. In all other respects, the application is denied.

Dated this 1st day of August, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge